UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

|  |  |  |
|---|---|---|
| DONALD OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-231 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| KURT S. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff is presently incarcerated at Southern Michigan Correctional Facility.  He is a Vietnam veteran who suffers from ailments he believes to have been caused by his exposure to the defoliant Agent Orange in Vietnam.  He claims he suffers from type II diabetes, hypertension, macular edema, loss of central vision, peripheral nerve damage in his feet and hands, hepatitis C, scarring of his liver, and various muscle strains.  He sues Defendants Kurt Jones, Tim Johns, and Phyliss Blancasbar in their individual capacities, alleging they violated his Eighth Amendment rights when they delayed medical evaluation of his chronic back pain and liver conditions.

Specifically, Plaintiff claims that sometime in 2003, he requested permission to receive health services outside the prison.  In February 2004, his request was approved. A February 17, 2004 elective evaluation of his conditions at the Detroit Veterans Administration Medical Center ("Center") was scheduled.   When transportation corrections officer-Defendants Johns and Blancasbar arrived at the Center with Plaintiff on February 17, they were told to check their weapons at the door.  Because Michigan Department of Corrections policy requires transportation officers to keep their weapons on their person at all times, Defendant Warden Smith instructed Johns and Blancasbar to return Plaintiff to the prison.  Plaintiff thus was not able to attend his appointment at the Center.

Plaintiff alleges that he thereafter did not receive an x-ray of his back until February 2005, and that the delay in evaluation caused "a detrimental effect" (*i.e.*, the 2005 x-ray revealed diffuse facet joint arthritic changes in his lumbar spine).  He also argues that if his hepatitis C had been detected sooner, it could have been cured with interferon therapy. He complains of constant

- 2 -

pain in his feet, pain in his right upper quadrant and lumbar spine, and mental anguish.  He alleges that Defendants have been "indifferent" to his medical needs.

For relief, Plaintiff requests compensatory and punitive damages of $2.5 million.

II.      Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001).  Plaintiff states that he filed a grievance and pursued it through Step III of the prison grievance process.  Therefore, it appears that Plaintiff satisfied the exhaustion requirement.  Even if Plaintiff had failed to properly exhaust, the Court need not first require exhaustion of available administrative remedies when claims may be dismissed because they "fail to state a claim upon which relief can be granted"  42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* This objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Id.* at 898,  the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farme*r, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835*.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court has explained:

- 4 -

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5; *see also*, *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1

(6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Under the above standards, Plaintiff's Complaint does not state a claim for medical mistreatment violative of his Eighth Amendment rights.   While the Court does not minimize Plaintiff's ailments or pains, under well-settled law, he does not present any facts from which one could draw the inference that "a substantial risk of serious harm" to Plaintiff exists.   *See, e.g.*, *Farmer,* 511 U.S. at 837.   Plaintiff acknowledges that Defendants never denied him medical care. Rather, Plaintiff contends Defendants' actions delayed medical care, and/or did not provide the treatment Plaintiff preferred in the time frame Plaintiff preferred.   The medical records Plaintiff attaches to his Complaint show he has received treatment for his conditions.   His elective evaluation at the Center was cancelled only because transportation officers would have had to compromise the safety of the community to allow him to attend.   The delay in having Plaintiff's back x-rayed does not "constitute an unnecessary and wanton infliction of pain," nor is it "repugnant to the conscience of mankind."   *See, e.g.*, *Estelle*, 429 U.S. at 105-06.   Plaintiff complains that Defendants were negligent in diagnosing and treating his back and liver problems.   These complaints sound in medical malpractice and does not rise to the level of an Eighth Amendment violation.   *See, e.g.*, *Id.* at 105-06. Plaintiff's difference in opinion with prison medical personnel regarding the appropriate diagnoses and treatment for his back and liver problems are not enough to state a deliberate indifference claim. *See, e.g.*, *Sanderfer*, 62 F.3d at 154-55; *Ward* , 1996 WL 627724, at *1.   Because Plaintiff received medical attention and his dispute is over the timing and adequacy of that treatment, the Court will not second-guess medical judgments or constitutionalize these state tort claims.   *See, e.g.*, *Westlake*,

537 F.2d at 860 n.5; *Brock*, 2001 WL 468169, at *2.  The Court therefore dismisses Plaintiff's

Complaint for failure to state a claim upon which relief can be granted.

<u>Conclusion</u>

Having conducted the review now required by the PLRA, the Court determines that

Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis, e.g.*, by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

        /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:      RICHARD ALAN ENSLEN
    May 8, 2006             SENIOR UNITED STATES DISTRICT JUDGE